**In the Matter of David B. SEXSON.**

No. 49S00–9509–DI–1068.

Supreme Court of Indiana.

June 14, 1996.

David B. Sexson, Indianapolis, pro se.

Donald Lundberg, Executive Secretary, Robert Shook, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

DISCIPLINARY ACTION

PER CURIAM.

The Indiana Supreme Court Disciplinary Commission and the respondent, David B. Sexson, have entered into and tender for this Court's approval a statement of circumstances and a conditional agreement for discipline pursuant to *Admission and Discipline Rule 23, Section 11(c)*, as amended February 1, 1996. The agreement stems from a single count disciplinary complaint, alleging that the respondent engaged in professional misconduct during his appellate representation of a defendant in a capital crime case. As a disciplinary sanction, the parties have proposed that the respondent be suspended from the practice of law for a period of six months with automatic reinstatement thereafter. Having reviewed all matters before us, we find that the agreement should be approved.

The respondent is an attorney who was admitted to the Bar of this state in 1973. He and his court appointed co-counsel, Alex Voils, represented defendant Howard Allen on murder, felony murder, and robbery charges in the Marion Superior Court. The defendant was convicted and, on August 30, 1988, he was sentenced to death.

That same day, the respondent orally moved to withdraw his appearance because Allen had indicated he wanted to allege in his appeal the ineffectiveness of trial counsel. The court directed the two co-counsel to file a motion to correct error within sixty (60) days, explaining that, if the motion was overruled, the court would appoint a pauper appeal panel and pauper appeal counsel to allege ineffectiveness of counsel.

On October 18, 1988, Allen filed a *pro se* motion to correct error. On January 27, 1989, Voils appeared for the hearing on Allen's *pro se* motion and orally moved to withdraw his appearance. The trial court advised him to file a written motion to withdraw and indicated that it would be granted and another public defender would be assigned to assist the respondent. On January 31, 1989, Allen filed a *pro se* "Belated Supplemental Motion to Correct Error,"

which the Court overruled on January 17, 1990.

No action was recorded on the chronological case summary after January 17, 1990, until the trial court, on March 4, 1992, appointed the respondent and Stephen Sherron as public defenders for Allen's appeal. On March 18, 1992, a praecipe was filed for Allen; on July 22, 1992, "Appellant's Belated Extension of Time to File Transcript" was filed with the Indiana Supreme Court. "Appellant's Petition to File Belated Extension of Time to File the Record" was filed on July 27, 1992.

On August 31, 1992, this Court ordered the respondent, Sherron, and the trial court reporter to appear at a status conference on September 10, 1992. This Court established a schedule for the appeal, ordering that counsel file a petition for belated appeal on appellant's behalf on or before September 21, 1992; that the court reporter complete the transcript of the proceedings on or before December 10, 1992; that counsel file the record on or before January 11, 1993; that if the deadlines were not met, counsel and the court reporter were to appear on January 13, 1993, and show cause why they should not be held in contempt; that, thereafter, counsel should endeavor to complete appellant's brief as expeditiously as possible.

The "Petition to File Belated Appeal of the Conviction and Death Sentence of Howard Allen" was filed with the Supreme Court on September 21, 1992, as ordered, and it was granted on September 24, 1992. However, the court reporter failed to tender the transcript by December 10, 1992, and this Court found her to be in contempt of this Court on January 25, 1993. The "Record of Proceedings" was filed on March 5, 1993, and was released to the respondent on March 9, 1993. After three extensions of time, the Supreme Court ordered the respondent to file the brief by October 25, 1993. The "Appellant's Brief" was finally filed on October 25, 1993.

On February 15, 1994, the Marion County Public Defender Board and Chief Public Defender petitioned to intervene and to withdraw the brief with a request that the case be remanded to the trial court for appointment of counsel. On February 22, 1994, the Supreme Court struck the brief filed by the respondent and removed the respondent and Sherron as counsel for Allen, finding that the brief was "woefully inadequate" and that "(I)t does not present sufficient fact or legal argument to allow meaningful review by this Court."

For his work on the Allen appeal, the respondent billed Marion County for 558.8 hours and received $40,743.50. In addition, Sherron was paid $16,254 for his work on the appeal. The respondent billed Marion County for an additional $13,097, allegedly representing 187.1 additional hours in preparation for the brief. This bill has not been paid. The "Appellant's Brief," filed by the respondent on behalf of Allen was only twenty pages long. In those twenty pages, counsel covered five issues, one being that Allen was denied effective assistance of counsel.

■ This litany of delay and shoddy professional performance by the respondent convinces us that the respondent's conduct fell far below accepted minimum professional standards. These findings are clear and convincing that the respondent engaged in the charged misconduct. He failed to provide competent representation, in violation of *Prof.Cond.R. 1.1* [1]; he failed to act with reasonable diligence and promptness, in violation of *Prof.Cond.R. 1.3* [2]; he charged a clearly unreasonable fee, in violation of *Prof. Cond.R. 1.5(a)* [3]; he represented a client

---

1. *Prof.Cond.R. 1.1* provides that a lawyer shall provide competent representation to a client.

2. *Prof.Cond.R. 1.3* provides that a lawyer shall act with reasonable diligence and promptness in representing a client.

3. *Prof.Cond.R. 1.5(a)* provides that a lawyer's fee shall be reasonable and lists the following eight factors to be considered in determining the reasonableness:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

when he was limited by his own interests, to wit, arguing his own ineffectiveness at the trial level, thereby violating *Prof.Cond.R. 1.7(b)* [4]; and he accepted an appointment from the trial court to represent a client when that representation resulted in violation of the *Rules of Professional Conduct,* thereby violating *Prof.Cond.R. 1.16(a)* [5].

 The court and the defendant entrusted this respondent with a weighty duty, the appellate defense of a person sentenced to death. In spite of three continuances and some 11 months supposedly spent in preparing Allen's appellate brief, the respondent presented this Court with an inadequate twenty page product and presented Marion County with a bill for some $53,000, making the cost of that brief approximately $2,650 per page. We find most troubling the lack of any overt attempts by the respondent to reimburse Marion County for the $40,743.50 collected by him for this case. Also, we are mindful that in 1993 this Court disciplined the respondent and publicly reprimanded him for conduct involving conflict of interest. *Matter of Sexson*, 613 N.E.2d 841 (1993). In light of these considerations and the provisions of *Admis.Disc.R. 23, Section 11(c)* which encourage appropriate agreed dispositions, we find that the proposed six month suspension with automatic reinstatement falls within the range warranted for this misconduct and is appropriate under the circumstances of this case. It is, therefore, ordered that David B. Sexon is hereby suspended from the practice of law for six (6) months, beginning July 29, 1996. At the conclusion of this suspension he shall be automatically reinstated provided that he has paid the costs

assessed herein. Costs of this proceeding are assessed against the respondent.

DICKSON, J., dissents believing sanction inadequate.

---

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer performing the services; and

(8) whether the fee is fixed or contingent.

4. *Prof.Cond.R. 1.7(b)* provides that a lawyer shall not represent a client if the representation may be materially limited by the lawyer's responsibility to another client or to a third person, or by the

lawyer's own interests, unless: (1) the lawyer reasonably believes that the representation will not be adversely affected; and (2) the client consents after consultation.

5. *Prof.Cond.R. 1.16(a)* provides that a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if the representation will result in violation of the Rules of Professional Conduct or other law.