# Order

Michigan Supreme Court
Lansing, Michigan

June 25, 2010

139956

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

JERRY L. BALES,
        Defendant-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 139956
COA: 292320
Wayne CC: 05-000880-FC

On order of the Court, the application for leave to appeal the September 23, 2009 order of the Court of Appeals is considered, and it is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D).

HATHAWAY, J., not participating.  Justice Hathaway recuses herself and will not participate in this case as she was the presiding trial court judge.  See MCR 2.003(B).

WEAVER, J. (*concurring*).

I concur in this Court's denial order.  I write additionally to recommend this Court open an administrative file to consider whether sanctions should be imposed on an appellate counsel who claims that his own trial work was "ineffective" and would include consideration of a requirement that fees be refunded when there has been a judicial finding of ineffectiveness.

CORRIGAN, J. (*concurring*).

I concur in the Court's denial order but I would refer counsel to the Attorney Grievance Commission.  Attorney Frank Eaman was retained to represent defendant at trial and on direct appeal.  In the motion for relief from judgment now before us, Mr. Eaman claims on defendant's behalf that he rendered ineffective assistance of counsel because he failed to object to several claimed instances of prosecutorial misconduct.  Mr. Eaman also now claims that he rendered ineffective assistance on direct appeal because he failed to raise the issue of his own ineffective assistance as trial counsel.  MRPC 1.1

provides that "[a] lawyer shall provide competent representation to a client."[1]  In addition, I would open an administrative file to consider whether sanctions should be imposed on an appellate attorney who claims that his own trial work was "ineffective."

YOUNG and MARKMAN, JJ., join the statement of CORRIGAN, J.

---

[1] See also MRPC 1.7(b) concerning conflicts of interest.  In *Matter of Sexson*, 666 NE 2d 402, 403-404 (Ind, 1996), the Indiana Supreme Court held that the respondent attorney violated the analogous Indiana rule of professional conduct by "represent[ing] a client when he was limited by his own interests, to wit, arguing his own ineffectiveness at the trial level . . . ."

In addition, in *Hill v Mississippi*, 749 So 2d 1143, 1149-1150 (Miss App, 1999), the Mississippi Court of Appeals opined that counsel's claim of his own ineffectiveness was "problematic and inappropriate."  The court believed that the claim implicated four rules of professional conduct: Miss. Rules of Professional Conduct 1.1 (1998) ("A lawyer shall provide competent representation to a client."); Rule 1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client."); Rule 1.7(b) ("A lawyer shall not represent a client if the representation of that client may be materially limited . . . by the lawyer's own interests . . . ."); and Rule 3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous . . . .").  The *Hill* court nonetheless proceeded to review and reject the defendant's ineffective assistance claims.  *Id*. at 1150-1151.

In *Archer v Mississippi*, 986 So 2d 951 (2008), the Mississippi Supreme Court, quoting *Hill*, *supra*, and *Lyle v Mississippi*, 908 So 2d 189 (Miss App, 2005), agreed that self-ineffectiveness claims are problematic.  It held that, except in extraordinary circumstances where ineffectiveness is clear from the record, a claim of ineffectiveness of trial counsel, where the defendant is represented on direct appeal by his trial counsel, should only be reviewed in a post-conviction proceeding.  *Id*. at 956.  The court dismissed the defendant's ineffective assistance of counsel claim without prejudice, stating that he would be permitted to raise the issue in a post-conviction proceeding.  *Id*. at 957.  Thus, *Archer* abrogated *Hill* insofar as *Hill* reviewed the ineffective assistance claim on direct appeal.  It is not clear whether the *Archer* court contemplated the possibility that the same allegedly ineffective attorney may represent the defendant in the post-conviction proceeding.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 25, 2010

*Corbin R. Davis*

Clerk

p0622